UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
SECURITIES INVESTOR PROTECTION
CORPORATION,

        PLAINTIFF,

01789 (BRL)

    v.

BERNARD L. MADOFF INVESTMENT
SECURITIES LLC,

        DEFENDANT.

Adv. Pro. No. 08-

SIPA LIQUIDATION

In Re:

BERNARD MADOFF,

        DEBTOR

RECEIVED
APR - 4 2011
U.S. BANKRUPTCY COURT SDNY

**IRVING H. PICARD. Trustee for the
Liquidation of Bernard L. Madoff Investment
Securities, LLC**

        **PLAINTIFF**

    **v.**

**CHARLES ELLERIN IRREVOCABLE GIFT
GIVING TRUST.;**

        Adv. Pro. No. 10-05219 (BRL)

**ROBERT M. GRIFFITH, in his capacity as
TRUSTEE of the CHARLES ELLERIN
IRREVOCABLE GIFT GIVING TRUST;**

**JOSEPH C. ELLERIN, INDIVIDUALLY,
as beneficiary of the CHARLES ELLERIN
IRREVOCABLE GIFT GIVING TRUST;**

**GLENN C. ELLERIN, INDIVIDUALLY,**
**as beneficiary of the CHARLES ELLERIN**
**IRREVOCABLE GIFT GIVING TRUST; and**

**JANET WINTERS, INDIVIDUALLY,**
**as beneficiary of the CHARLES ELLERIN**
**IRREVOCABLE GIFT GIVING TRUST.**

**DEFENDANTS**

**RESPONSE TO COMPLAINT**

JANET WINTERS INDIVIDUALLY and as a beneficiary of the CHARLES ELLERIN IRREVOCABLE GIFT GIVING TRUST, *pro se,* hereby objects to the Trustees Complaint as follows:

**ADMISSIONS, DENIALS, AND INABILITY TO ADMIT OR DENY DUE TO LACK OF INFORMATION:**

1. DEFENDANT JANET WINTERS admits the following paragraphs in the Complaint: 1, 4, 5, 45, 50, 56, 65, 70, 76, 82, 88. DEFENDANT JANET WINTERS can neither admit nor deny the following paragraphs in the complaint due to lack of information or knowledge: 3, 6, 7, 8, 9, 10, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 30, 31, 33, 34, 35, 36, 37, 38, 41, 44, 46, 47, 48, 49, 51, 52, 53, 54, 57, 58, 59, 60, 61, 62, 63, 66, 67, 68, 71, 72, 73, 74, 77, 78, 79, 80, 83, 84, 85, 86, 89, 90, 91, 92.

2. DEFENDANT JANET WINTERS answers the following paragraphs of the Complaint by denying in part and inability to respond in part due to lack of information or knowledge : 2, 26,29, 32, 39, 40, 42, 43, 55, 64, 69, 75, 81, 87,93,

i, ii, iii, iv, v, vi, vii, viii. DEFENDANT JANET WINTERS denies the following paragraphs in the Complaint: ix, x, xi, xii. All responses will be more specifically elucidated in the following paragraphs:

3.  Complaint paragraph 11 : DEFENDANT JANET WINTERS denies that she ever received money identified as originating from the Madoff account made the basis of this suit. JANET WINTERS admits that she resides in Bellaire, Texas.

4.  Complaint paragraphs 2, 29, 39, 32, 40, 42, 43: DEFENDANT JANET WINTERS denies that she ever received money identified as from the Madoff account made the basis of this suit, or made deposits to said account. JANET WINTERS can neither admit nor deny the remainder of this paragraph due to lack of information or knowledge.

5.  Complaint paragraph 91, 92: DEFENDANT JANET WINTERS denies that she ever received money identified as originating from the Madoff account made the basis of this suit. JANET WINTERS can neither admit nor deny the 6

Complaint paragraph 43: DEFENDANT JANET WINTERS denies that she ever received money identified as from the Madoff account made the basis of this suit and therefore is not liable to repay any money. JANET WINTERS can neither admit nor deny the remainder of this paragraph due to lack of information or knowledge

7.  Complaint paragraphs 55, 64, 69, 75, 81, 87, 93: DEFENDANT JANET WINTERS denies that she ever received money identified as originating from the Madoff account made the basis of this suit. Therefore PLAINTIFF is not

entitled to judgment against this DEFENDANT. JANET WINTERS can neither admit nor deny the remainder of this paragraph due to lack of information or knowledge

8. Complaint paragraphs i, ii, iii, iv, v, vi, vii, viii, ix: DEFENDANT JANET WINTERS denies that she ever received money identified as originating from the Madoff account made the basis of this suit. Therefore PLAINTIFF is not entitled to recover anything of value, including money, from this DEFENDANT. JANET WINTERS can neither admit nor deny the remainder of these paragraphs due to lack of information or knowledge

9. Complaint paragraph x, xi, xii: DEFENDANT JANET WINTERS denies that she ever received money identified as originating from the Madoff account made the basis of this suit. Therefore Plaintiff is not entitled to recover anything of value, including money, from any source from this DEFENDANT.- Nor is Plaintiff entitled to establishment of a constructive trust over anything of value, including money, belonging to this DEFENDANT or relief from the Court from this DEFENDANT.

## GENERAL OBJECTIONS

10. For the purpose of this lawsuit, this DEFENDANT, in her capacity INDIVIDUALLY and as a beneficiary of the CHARLES ELLERIN IRREVOCABLE GIFT GIVING TRUST is not a "customer"of Bernard L. Madoff Investment Securities, LLC ("BLMIS") as that term as defined under the Securities Investor Protection Act (hereinafter "SIPA").

11. This DEFENDANT never had knowledge of, or control over this account and has not received any transfer of money identified as originating from this account and denies all liability alleged by Plaintiff and demands strict proof thereof.

12. This DEFENDANT has no knowledge of the deposits or withdrawals of this account, other than those alleged in the attachment to the Complaint, nor does this DEFENDANT have any knowledge of the terms of the Trust document(s).

13. This DEFENDANT is neither a Partner nor Limited Partner of the ELLERIN PARTNERSHIP and therefore not liable for any Partnership acts.

14. On its face this Complaint fails to identify any evidence linking DEFENDANT JANET WINTERS to any funds deposited or withdrawn from the account identified in this lawsuit, although Plaintiff attached sufficient records of this account activity to its Complaint to have shown that JANET WINTERS received Madoff funds in her capacities in this lawsuit, if indeed she ever had.

## **SUMMARY OF OBJECTIONS**

15. This DEFENDANT is not a Partner, Limited Partner or Trustee in any of the DEFENDANT ELLERIN entities and has no knowledge of the entities. She has no control over these entities and has not received any transfer of funds identified as originating from any of the Charles Ellerin entities' Madoff account(s).

16. This DEFENDANT asserts that liability alleged in this Complaint, if any, stops with Charles Ellerin or the General Partner.

17. On its face this Complaint fails to identify any evidence linking

DEFENDANT, JANET WINTERS Individually and as beneficiary to the CHARLES ELLERIN IRREVOCABLE GIFT GIVING TRUST, to any funds deposited or withdrawn from the account identified in this lawsuit, although Plaintiff attached records of this account activity to his Complaint.

18. This DEFENDANT's next objection is predicated, on the SIPA statute and regulations, on the Statute of Limitations, the defense of Laches, the defense of lack of due diligence in service and on the cases interpreting SIPA.

19. PLAINTIFF filed this lawsuit on November 12, 2010, but failed to serve this DEFENDANT until February 2, 2011, substantially after the filing date, and after the 2 year Statue of Limitations expired, demonstrating a complete lack of due diligence

20. The attached Determination Letter and the determinations contained therein are objectionable for a variety of reasons including the following:

  a. The Determination Letter fails to provide "legal reasons" for the determinations made, in violation of this Court's order dated December 23, 2008 mandating that specific reasons be provided for each claim disallowed;

  b. The Trustee has ignored the definition of Net Equity contained in the SIPA statute which requires that Net Equity be determined based upon the customer's last account statement from the Debtor. Instead, without any lawful basis, he has created his own definition - cash in/cash out - which deprives BLMIS investor claimants of their proper SIPA statutory advance and improperly reduces the proper Net Equity/allowable claim of those claimants.

  c. SIPA is designed to give effect to the reasonable expectations of the customer of a failed SIPC member brokerage firm. When a customer receives trade confirmations and monthly account

statements reflecting transactions in real securities available for purchase in the marketplace, that customer's Net Equity under SIPA is the amount of the customer's last account statement, thereby giving effect to the customer's reasonable expectations. Therefore, the Trustee was required to determine Claimant's Net Equity on the basis of, and in the amount of, the Claimant's last account statement, not on the basis of his cash in/cash out construct.

## SPECIFIC OBJECTIONS

### FIRST OBJECTION

### TRUSTEE IS BARRED FROM THIS LAWSUIT BECAUSE OF THE STATUTE OF LIMITATIONS, FAILURE TO USE DUE DILIGENCE IN SERVING THIS DEFENDANT AND LACHES

21. The BLMIS fraud became public knowledge on or about December 11, 2008 when Bernard Madoff confessed to fraud and was arrested.

22. PLAINTIFF filed this lawsuit on November 12, 2010, but failed to serve this DEFENDANT until February, 2011, substantially after the filing date, and after the 2 year Statue of Limitations expired, demonstrating a complete lack of due diligence.

23. In view of the Trustee's delinquence, this DEFENDANT should be dismissed with prejudice against refiling.

### SECOND OBJECTION

### THIS DEFENDANT BEARS NO LIABILITY FOR ANY OF THE DEFENDANT ENTITIES OR FOR CHARLES ELLERIN BECAUSE DEFENDANT INDIVIDUALLY AND IN HER CAPACITY AS BENEFICIARY OF THE ELLERIN IRREVOCABLE TRUST HAS AND NEVER HAD ANY CONTROL OVER THE ENTITIES, HAS NOT RECEIVED ANY TRANSFER OF FUNDS IDENTIFIED AS ORIGINATING FROM THESE ENTITIES, AND HAS NO KNOWLEDGE OF THE TERMS OF ANY ENTITY DOCUMENTS..

24. This DEFENDANT is not now and has never been a Partner, Limited Partner or Trustee in any of the DEFENDANT ELLERIN entities in this complaint. This DEFENDANT has never received any transfer of funds as originating from any of the entities listed in this complaint.

25. This DEFENDANT has no knowledge of nor received any transfer of funds identified as originating from the alleged withdrawals listed in this complaint.

26. This DEFENDANT cannot ascertain from which account the alleged withdrawals were made and demands strict proof thereof.

## THIRD OBJECTION

**THE TRUSTEE HAS DEPRIVED DEFENDANT OF ACTUAL DISCOVERY NECESSARY TO ALLOW DEFENDANT TO DEMONSTRATE THAT SHE BEARS NO LIABILITY IN THIS LAWSUIT. DEFENDANT RESERVES THE RIGHT TO AMEND AND/OR SUPPLEMENT HER OBJECTIONS FOLLOWING APPROPRIATE FACT DISCOVERY.**

27. More than 2 years have elapsed since the BLMIS SIPA liquidation commenced, upon information and belief, the Trustee has failed and refused to provide meaningful-or any-fact discovery. This is particularly distressing and prejudicial to this DEFENDANT and others similarly situated since the transactions which allegedly form the basis for the Determination Letter concern transactions now more than a decade old. DEFENDANT requires discovery of the facts to allow DEFENDANT to properly prepare for and litigate why this entire lawsuit against this DEFENDANT should be vacated.

## FIFTH OBJECTION

## FAILURE TO PROVIDE REASONS FOR CLAIM DISALLOWANCES

28. The Order of December 23, 2008 requires the Trustee to provide "the reasons" in writing for any claim disallowance.

29. Although the Trustee's Determination Letter disallows Claimant's claim in its entirety, the Determination Letter fails to provide any legal basis or reasons for that disallowance.

30. The most that can be said is that the Determination Letter alleges certain supposedly factual statements which, however, do not provide "legal reasons" for the disallowance as specifically directed by the Court.

31. Accordingly, the Determination Letter is deficient, fails to comply with the Court's specific mandate and the claim disallowances made by the Trustee must be vacated.

## CONCLUSIONS

32. This lawsuit should be dismissed against DEFENDANT, JANET WINTERS, individually and as beneficiary of the CHARLES ELLERIN IRREVOCABLE TRUST in all respects because she never controlled, nor had knowledge of the terms of the trust and never received any transfer of the alleged withdrawals identified as originating from an Ellerin entity madoff account.

33. Furthermore this DEFENDANT, is not a Partner or Limited Partner of the Ellerin Partnership, LLC, the General Partner or Charles Ellerin, with whom all liability, if any, resides.

34. DEFENDANT, JANET WINTERS, INDIVIDUALLY and as beneficiary of the

CHARLES ELLERIN IRREVOCABLE TRUST should be granted such other and further relief in her favor that to the Court, appears just and proper.

35. DEFENDANT JANET WINTERS, INDIVIDUALLY, and as beneficiary of the CHARLES ELLERIN IRREVOCABLE GIFT GIVING TRUST prays that this Court dismiss this claim against her in its entirety and for such other relief as the Court may deem appropriate.

Dated: March 31, 2011.

Janet Winters, *pro se*

*[signature]*
Janet Winters
804 Mulberry Lane
Bellaire, Texas 77401
713/662-0339

Alan J. Winters, spouse

*[signature]*
Alan J. Winters
804 Mulberry Lane
Bellaire, Texas 77401
713/662-0339