**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------X

In re:

| | |
|---|---|
| BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | SIPA LIQUIDATION<br>No. 08-01789 (BRL) |
| Debtor. | (Substantively Consolidated) |

---------------------------------------------------------------X

| | |
|---|---|
| IRVING H. PICARD, as Trustee for the Liquidation of BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| | Adv. Pro. No. 10-04398 (BRL) |
| Plaintiff,<br>v. | |
| CHARLES ELLERIN REVOCABLE TRUST, In its capacities as GENERAL PARTNER and LIMITED PARTNER of the ELLERIN PARTNERSHIP, LTD, *et al.*, | |
| Defendants. | |

---------------------------------------------------------------X

| | |
|---|---|
| IRVING H. PICARD, as Trustee for the Liquidation of BERNARD L. MADOFF INVESTMENT SECURITIES LLC, | |
| | Adv. Pro. No. 10-05219 (BRL) |
| Plaintiff,<br>v. | |
| CHARLES ELLERIN IRREVOCABLE GIFT GIVING TRUST, *et al.*, | |
| Defendants. | |

---------------------------------------------------------------X

APPEARANCES:

BAKER & HOSTETLER LLP
45 Rockefeller Plaza
New York, NY 10111
Telephone:    (212) 589-4200
Facsimile:    (212) 589-4201

By:    David J. Sheehan
       Marc E. Hirschfield
       Marc D. Powers

*Attorneys for Irving H. Picard, Trustee for the Substantively Consolidated SIPA Liquidation of Bernard L. Madoff Investment Securities LLC and Bernard L. Madoff*

JANET WINTERS
804 Mulberry Lane
Bellaire, Texas 77401

*Pro Se*


Before: Hon. Burton R. Lifland
        United States Bankruptcy Judge


**MEMORANDUM DECISION AND ORDER DENYING DEFENDANT JANET
WINTERS' MOTION FOR SUMMARY JUDGMENT**

Before the Court is the motion for summary judgment (the "Motion")[1] filed by Janet Winters ("Winters") pursuant to Federal Rule of Civil Procedure ("Rule") 56, made applicable herein by Federal Rule of Bankruptcy Procedure 7056, seeking summary judgment on two complaints filed by Irving H. Picard, Esq. (the "Trustee"), trustee of the SIPA liquidation of Bernard L. Madoff Investment Securities LLC ("BLMIS"), for failure to present a genuine issue of material fact. Upon review of the papers and for the reasons set forth below, the Motion is

---

[1] Winters additionally filed a motion to consolidate the two above-captioned adversary proceedings and a motion seeking adjudication of her summary judgment Motion on the parties' submissions without oral argument. Both motions were granted on February 15, 2012. *See* Memorandum Endorsement Granting Janet Winters' Motion to Combine Adversary Proceedings 10-4398 and 10-5219 for Limited Purpose and Granting Motion for Submission, Adv. Pro. No. 10-4398, Dkt. No. 19; Adv. Pro. No. 10-5219, Dkt. No. 16.

hereby DENIED.

## BACKGROUND

On November 30, 2010, the Trustee filed a complaint (the "Partnership Complaint") against, *inter alia*, Winters and the Ellerin Partnership, Ltd. (the "Ellerin Partnership," or the "Partnership"). *See* Adv. Pro. No. 10-04938, Dkt. No. 1. On December 3, 2010, the Trustee filed a second complaint (the "Trust Complaint," and together with the Partnership Complaint, the "Complaints") against, *inter alia*, Winters and the Charles Ellerin Irrevocable Gift Giving Trust (the "Irrevocable Trust," or the "Trust"). *See* Adv. Pro. No. 10-05219, Dkt. No. 1.

In the Complaints, the Trustee alleges that the Trust received fictitious profits (the "Fictitious Profits") from its own BLMIS account (account number 1E0135), as well as from the Partnership's BLMIS account (account number 1E0161).[2] Some of those Fictitious Profits were subsequently transferred (the "Subsequent Transfers") from the Trust to Winters, a named beneficiary of the Trust. The Trustee now seeks to avoid and recover these Subsequent Transfers from Winters.

Winters, proceeding *pro se*, submits that she is entitled to summary judgment as a matter of law, as no genuine issue of material fact exists. Specifically, she denies that she ever received money from BLMIS and argues that there is no evidence to the contrary. *See* Motion for Summary Judgment,[3] pp. 4–5. The Trustee counters that a genuine dispute as to a material fact exists because the Trust's bank records indicate that it received transfers from BLMIS and subsequently transferred some of those funds to Winters. *See* Trustee's Memorandum of Law,[4]

---

[2] The Trust is a limited partner in the Ellerin Partnership and, in that capacity, received transfers from the Partnership.

[3] Motion for Summary Judgment and Brief for Janet Winters Individually and as Beneficiary of the Charles Ellerin Irrevocable Gift Giving Trust [hereinafter "Motion for Summary Judgment"], Adv. Pro. No. 10-04398, Dkt. No. 11.

[4] Trustee's Memorandum of Law in Opposition to Defendant Janet Winters's Motion for Summary Judgment [hereinafter "Trust. Opp."], Adv. Pro. No. 10-04398, Dkt. No. 13.

3

pp. 10–11. As such, the Trustee argues that the Motion should be denied. The Court concurs with the Trustee.

## STANDARD FOR SUMMARY JUDGMENT

Pursuant to Rule 56, summary judgment is granted "if the movant shows that there is no genuine dispute as to any material fact." FED. R. CIV. P. 56(a); FED. R. BANKR. P. 7056. A fact is "material" if it will affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is genuine "if the evidence is such that a reasonable [fact-finder] could return a verdict for the nonmoving party." *Id.* As such, "[t]he non-moving party may defeat the summary judgment motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial." *Lipton v. Nature Co.*, 71 F.3d 464, 469 (2d Cir. 1995) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

The court's role in adjudicating a summary judgment motion "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party." *Robinson v. Sanctuary Record Groups, Ltd.*, No. 03-CIV-10235, 2011 WL 5282680, at *2 (S.D.N.Y. Nov. 2, 2011) (quoting *Knight v. U.S. Fire Ins. Co.,* 804 F.2d 9, 11 (2d Cir. 1986)). And when a party moves for summary judgment "against a plaintiff who has not been afforded the opportunity to conduct discovery," the court should grant the motion "only in the rarest of cases." *Trammell v. Keane*, 338 F.3d 155, 161 n.2 (2d Cir. 2003) (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000)). Indeed, summary judgment "is a lethal weapon and courts must be mindful of its aims and targets, and beware of overkill in its use." *In re Wiltwyck Sch.*, 34 B.R. 270, 273 (Bankr. S.D.N.Y. 1983) (quoting *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 612 (5th Cir. 1967)) (internal quotation marks omitted); *see also In re Greenwald*, 33 B.R.

4

607, 612 (Bankr. S.D.N.Y. 1983). Because Winters proceeds *pro se*, however, the Court reads her pleadings "liberally and interpret[s] them to raise the strongest arguments that they suggest." *In re Enron Corp.*, 341 B.R. 141, 146 (Bankr. S.D.N.Y. 2006) (quoting *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (internal quotation marks omitted).

## DISCUSSION[5]

### I. A Genuine Issue of Material Fact Exists Concerning Whether Winters Received Fictitious Profits Originating From BLMIS

In the instant case, there is a genuine dispute as to a material fact, namely, whether Winters received fictitious profits from BLMIS. Drawing all inferences in favor of the non-moving party, as the Court must do in a motion for summary judgment, the evidence presented by the Trustee allows a reasonable fact-finder to conclude that funds received by Winters originated from BLMIS. The Trustee produced records indicating that: (i) Winters was a beneficiary of the Irrevocable Trust, *see* Trust. Opp., Ex. D; (ii) the Trust maintained its own BLMIS account, *see* Trust. Opp., Ex. C; (iii) the Trust was a limited partner in the Ellerin Partnership, which also maintained a BLMIS account, *see* Trust. Opp., Exs. A, B; (iv) the Irrevocable Trust received transfers from its own BLMIS account and from the Ellerin Partnership's BLMIS account, *see* Partnership Comp., Ex. B; Trust Comp., Ex. B; and (v) the Irrevocable Trust subsequently transferred some of these funds to Winters—she cashed checks issued by the Trust for $5,900 on November 1, 2002, $10,000 on June 11, 2003, and $6,000 on November 10, 2003, among others. *See* Trust. Opp., Ex. E.

---

[5] As a threshold issue, Winters' Motion is procedurally deficient because it violates the Case Management Order (Case No. 08-1789, Dkt. No. 3141) and Local Rule 7056-1. Specifically, Winters failed to (i) obtain leave of the Court before making a pre-discovery motion for summary judgment, and (ii) seek a pre-motion conference prior to moving for summary judgment. Furthermore, she failed to include the required 7056-1 statement of material facts. The Trustee, however, followed procedure and included such statement to which Winters did not respond. *See* Adv. Pro. No. 10-4398, Dkt. No. 13, Attachment 1. The above procedural defects notwithstanding, the Motion would nevertheless be denied because it fails on the merits as well. *See* Discussion, § I.

5

Winters mistakenly argues that the "Trustee must include evidence proving that the *only* funding source for the Ellerin Partnership checking account and the Ellerin Irrevocable Trust checking account was from a Madoff account." Winters Reply,[6] ¶ 6 (emphasis added). According to Winters, demonstrating that she received transfers from the Trust that, in turn, received transfers from BLMIS does not support a finding that she necessarily received BLMIS funds. But Winters' argument is unavailing: it rests on the untenable assumption that once the Fictitious Profits were comingled with legitimate funds of the Trust, none of the funds can be traced to BLMIS. Winters overlooks that "the mere commingling of the Defendant's property with the proceeds of property fraudulently transferred by the Debtor is not sufficient to defeat tracing." *Dahar v. Jackson (In re Jackson)*, 318 B.R. 5, 25 (Bankr. D.N.H. 2004); *see IBT Int'l, Inc. v. Northern* (*In re Int'l Admin. Servs., Inc.*), 408 F.3d 689, 709 (11th Cir. 2005) (quoting *Dery v. United States (In re Bridge)*, 90 B.R. 839, 848 (E.D. Mich. 1988)) ("It is undeniable that equity will follow a fund through any number of transmutations, and preserve it for the owner as long as it can be identified."); *see also United States v. Henshaw*, 388 F.3d 738, 741 (10th Cir. 2004) ("[T]he goal of tracing is not to trace anything at all in many cases, but rather [to] serve[] as an equitable substitute for the impossibility of specific identification.") (internal quotations and citations omitted).

Furthermore, at this stage of the proceeding, it is not necessary for the Trustee to specify what portion of the Subsequent Transfers to Winters was derived from BLMIS. The Trustee's burden at this juncture "is not so onerous as to require 'dollar-for-dollar accounting' of 'the exact funds' at issue." *Silverman v. K.E.R.U. Realty Corp. (In re Allou Distribs., Inc.)*, 379 B.R. 5, 30 (Bankr. E.D.N.Y. 2007) ("[The debtor's principal] perpetrated a fraud that can only be described

---

[6] Janet Winters Response to Trustee's Briefs and Opposition to Motion for Summary Judgment, Adv. Pro. No. 10-4398, Dkt. No. 15, ¶ 6; Adv. Pro. No. 10-4398, Dkt. No. 14, ¶ 6.

as massive. It is not fatal to the Trustee's case that dollar for dollar, the exact funds cannot be traced.") (quoting *In re Int'l Admin. Servs., Inc.,* 408 F.3d at 708). Rather, the Trustee need only allege sufficient facts to show the relevant pathways through which the funds were transferred from BLMIS to Winters, which the Trustee has done.[7] *See id.*; s*ee also McHale v. Boulder Capital LLC (In re 1031 Tax Grp., LLC)*, 439 B.R. 47, 77–78 (Bankr. S.D.N.Y. 2010) (granting a trustee summary judgment on a fraudulent conveyance stemming from comingled sources, but refraining from determining the amount subject to avoidance pending additional information on the funds in the comingled account). Accordingly, summary judgment is not appropriate.

## CONCLUSION

For the reasons set forth above, Winters' Motion for Summary Judgment is hereby DENIED.

**IT IS SO ORDERED.**

Dated: March 14, 2012
      New York, New York                             /s/Burton R. Lifland
                                                                            United States Bankruptcy Judge

---

[7] Courts have broad discretion to determine which monies of comingled funds derive from fraudulent sources. *See Henshaw*, 388 F.3d at 741 ("There are several alternative methods, none of which is optimal for all commingling cases; courts exercise case-specific judgment to select the method best suited to achieve a fair and equitable result on the facts before them."); *see, e.g.*, *McHale v. Boulder Capital LLC (In re 1031 Tax Gr'p, LLC)*, 439 B.R. 78, 81 (Bankr. S.D.N.Y. 2010) (concluding that a pro rata allocation of comingled fraudulent transfers was appropriate). The Court will make such a determination should the Trustee ultimately prevail.

7